## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

ROY W. GRANGER, JR.,       }
                     }
      Plaintiff,         }
                     }
v.                      }      **Case No. 2:05-cv-1696-RDP**
                     }
SEARS ROEBUCK & CO.,      }
                     }
      Defendant.       }

### MEMORANDUM OPINION

The court has before it Plaintiff's Motion for Leave to File Amended Class Action Complaint (Doc. # 21) filed November 1, 2006.  Plaintiff has requested leave to file an amended class action complaint that broadens the scope of the purported class significantly.  For the reasons outlined below, the court finds that Plaintiff's motion is due to be denied.

## I.  Procedural History

Plaintiff Roy W. Granger, Jr. filed his initial class action complaint on August 9, 2005 alleging that Defendant fraudulently concealed and suppressed the existence of a manufacturer's warranty on a HVAC unit that he purchased from Defendant. (Doc. # 1).  According to Plaintiff's complaint, after he contacted his local Sears retail store in January 2005 regarding the purchase of a new HVAC unit, Sears sales representative Jeff Sutton visited his home and Plaintiff purchased a 5-ton, 12 Seer 1 Kenmore split-system heat pump with variable speed air handler ("the unit") at a total cost of $11,130.00, which included a $580 ten year repair protection agreement ("RPA") on parts and labor for the unit.  (Doc. # 1, at 2-3). Plaintiff alleges that he was never told of the manufacturer's warranty which covered a substantial portion, if not all, of the coverage provided by the RPA and instead was "strongly encouraged by the Sears sales representative to purchase the RPA

so that he would have warranty coverage in the event there was a problem with the unit." (Doc. # 1, at 2-3).  Plaintiff further claims that when the unit was installed by a Sears contractor, there were no warranty stickers, instruction manuals and/or other material(s) provided to Plaintiff regarding the manufacturer's warranty. (Doc. # 1, at 2-3).[1]

Plaintiff believes that Defendant's suppression, concealment and/or failure to disclose the manufacturer's warranty was not a single isolated event, but rather, an intentional scheme routinely employed by Defendant to generate additional revenue by instructing Sears sales personnel to sell as many RPAs as possible.  (Doc. # 1, at 4).  Thus, he purports to represent a class of consumers who purchased HVAC units from Defendant in Alabama, Tennessee and Florida and potentially elsewhere throughout the country under the following circumstances: (1) purchase of the unit(s) occurred in Plaintiff's home and/or other private property following an in-home visit by a Sears representative; (2) the existence of a manufacturer's warranty for the unit(s); and (3) Defendant failed to disclose the existence of the manufacturer's warranty. (Doc. # 1, at 4-6).

After the filing of Plaintiff's initial complaint in August 2005, the court entered a Scheduling Order adopting the parties' proposed deadlines including May 1, 2006 as the discovery cut-off and December 15, 2005 as the deadline for Plaintiff to join additional parties and amend the pleadings. (Doc. # 9).  Thereafter, Defendant moved to dismiss the complaint, compel arbitration, and strike the class action allegations.  (Doc. # 10).  After a hearing on the motion, the court denied the motion

---

[1] Plaintiff alleges that Defendant's suppression, concealment and/or failure to disclose the existence of the manufacturer's warranty is in violation of the September 29, 1994, Consent Order entered into by Defendant with the Federal Trade Commission, which requires that "sellers [] make the "legal text" of product warranties available to customers, upon request, prior to purchase" and specifies certain guidelines for in-home sales including "disclos[ure] to the customer that he/she has copies of warranties for the warranted products being offered for sale and that these warranties may be inspected by the customer at any time during the sale presentation." (Doc. # 1, at 4).

without prejudice and determined that before it could rule definitively on the issues raised by Defendant, the parties would need to conduct limited discovery regarding Defendant's use of RPA, whether Plaintiff knew or should have known of the RPA, and whether Plaintiff ratified or otherwise is bound by the RPA. (Doc. # 17). Accordingly, the court permitted the parties to conduct discovery on the limited issues outlined above, provided that such discovery was completed on or before March 31, 2006. (Doc. # 17).

On March 29, 2006, the parties jointly requested, and the court granted, a 150-day extension of the court's deadlines based on their agreement to combine class action certification discovery with discovery on the issues outlined by the court above. (Doc. # 19). On July 17, 2006, the parties again jointly requested, and the court granted, another extension of deadlines for discovery including a November 27, 2006 discovery cut-off for issues related to issues of class certification and a May 29, 2007 discovery cut-off for factual issues and/or the merits of Plaintiff's claims. (Doc. # 20).

Now, a mere month before the parties' self-imposed deadline for class certification discovery, Plaintiff has moved to expand the scope of the class to include representation of a class of persons who purchased *any* Sears product, including not only the HVAC purchased by Plaintiff but also any non-HVAC products, with *any* type of extended protection warranty sold by Sears, including not only the RPA purchased by Plaintiff but Master Protection Agreements and other protection agreements.

## II.    Discussion

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course "at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may

amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir.2000).  In this case, more than fifteen months after the filing of Plaintiff's complaint and Defendant's answer thereto, there is no dispute that Plaintiff may amend his pleading only "by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a).

Although the Eleventh Circuit has declared that district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint, *Rosen v. TRW, Inc.*, 979 F.2d 191, 194 (11th Cir.1992), the court has also made clear that it is nonetheless appropriate to deny a motion to amend if circumstances demonstrate undue delay, undue prejudice to the defendants, or futility of the amendment. *Lavender v. Kearney*, 2006 WL 2971325 at *4 (11th Cir. Oct. 18, 2006) (citing *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003)).

Because the court finds that all three circumstances - undue delay, undue prejudice to the Defendant, and futility of the amendment - are present in this case, Plaintiff's motion to amend is due to be denied.

### A.      Undue Delay and Undue Prejudice to Defendant

It is undisputed that Plaintiff's motion to amend his complaint was filed eleven months after the December 15, 2005 scheduling order deadline for him to amend and just one month shy of the parties' self-imposed November 27, 2006 cut-off for discovery related to issues of class certification. Although Plaintiff claims that he seeks to amend at this late date because he just learned in August 2006 during the course of Defendant's 30(b)(6) witness depositions that the policy and procedure for the sale of all protection agreements (and not just RPAs) is uniform for in-home sales, Defendant

4

points out that Plaintiff himself produced documents during the course of this litigation that were downloaded by his counsel from Sears' website on March 27, 2005 (five months before this case was filed) which indicate that Sears offers protection agreements on an array of Sears merchandise, "including: home appliances; home electronics; heating and air conditioning systems; and floor care equipment." (Doc. # 21, Ex. A; Ex. B - Granger Depo., pp. 70-71). Moreover, Sears apparently produced documents as part of its 2005 initial disclosures indicating that protection agreements were available on non-HVAC products. (Doc. # 21, Ex. C). Accordingly, the court cannot conclude that the delay in Plaintiff's request to amend was for good cause. Moreover, at this late stage of discovery related to class certification issues, the significant expansion of the class requested by Plaintiff would, at the least, require yet another extension of the discovery deadline and, at the most, would unduly prejudice Defendant.

> **B.    Futility**

Finally, and alternatively, the court notes that the proposed amendment  - which seeks to expand the class beyond the HVAC and RPA purchased by Plaintiff to other products and protection agreements that Plaintiff did not purchase during Sears' home visit - is futile. Plaintiff has not claimed fraud related to the sale of non-HVAC products in the home, nor does he have a claim relating to protection agreements on any such products. There is no indication that he could possibly represent a class of persons who purchased protection agreements on non-HVAC products. Thus, because Plaintiff's proposed amendment would be futile even if it were timely, the court finds that Plaintiff's motion is due to be denied.

**III.    Conclusion**

For the reasons outlined above, Plaintiff's motion to amend his class action complaint is due to be denied.   A separate order will be entered.

**DONE** and **ORDERED** this \_\_\_\_\_17th_____ day of November, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE